UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

DAVID GARLAND ATWOOD, II                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:13cv535-FKB

BEN BLAINE                                                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment as to the claims against him in his individual capacity [75] and Defendant's Motion for Summary Judgment as to the claims against him in his official capacity [77]. Having considered the record in this matter, the Court concludes that the motion as to the claims against Defendant Blaine in his individual capacity should be denied, and the motion as to the claims against Defendant Blaine in his official capacity should be granted, for the following reasons.

**I. Background**

Plaintiff, an inmate who was formerly incarcerated in both Madison County and Rankin County, Mississippi, brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. On January 30, 2014, the Court held an omnibus hearing[1] in this matter at which Plaintiff testified concerning his claims. Plaintiff alleges that he was harassed by Defendant Ben Blaine between the date he was released from the Madison County Jail in mid-2010, and the date he was booked into the Rankin County Jail in August 2011, as well as while at the Rankin County Jail. Blaine worked as a jailor at the Madison County Jail when Plaintiff first met him during Plaintiff's

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

incarceration there, but became a Rankin County Deputy Sheriff in April 2011. [75-2].

Plaintiff alleges that while he was out of jail but on supervised release, Defendant Blaine coerced Plaintiff into having sex with him by threatening to tell Plaintiff's probation officer that Plaintiff had been violating the conditions of his release. Plaintiff further claims that Defendant Blaine then harassed Plaintiff for refusing to have sex again by impersonating Plaintiff in social media. Finally, Plaintiff alleges that once he was incarcerated at the Rankin County Jail, Defendant Blaine threatened him if he told anyone about their prior involvement and had Plaintiff placed in solitary.

At the omnibus hearing, all parties consented to the undersigned deciding this case in its entirety. [31]. 28 U.S.C. § 636.

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325

F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

## III.  Discussion

### A.  Individual Capacity Claims

Defendant Blaine contends that the only potential federal claim asserted by Plaintiff is for sexual harassment, a possible violation of substantive due process rights.  [75] at 8-9.  *See, e.g., Doe v. Independent Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994).  As to that claim, Blaine argues that even if Plaintiff's allegations are taken as true, Defendant Blaine was not acting "under color of law" when pursuing a sexual relationship with Plaintiff so as to be held liable pursuant to 42 U.S.C. § 1983.  An officer acts under color of law if he "misuses or abuses his official power" and "there is a nexus between the victim, the improper conduct, and [the officer's] performance of official duties."  *United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999).  However, if an officer "pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law."  *Harris v. Rhodes*, 94 F.3d 196, 197 (5th Cir. 1996).

In the case sub judice, Plaintiff alleges that Defendant Blaine, whom he knew to be a law enforcement officer and his previous jailer, was in uniform when they met at a local mall after Plaintiff's release from the Madison County Jail. [75-1] at 20.  Moreover, Plaintiff claims that Defendant Blaine threatened to tell lies to Plaintiff's probation officer if Plaintiff did not have sex with him.  Plaintiff testified that he did not want to have sex with him.[2]  Though Defendant

---

[2]As Defendant points out, Plaintiff did, in his own words, ultimately decide "what the hell" and allegedly have sex with Defendant. [75-1] at 21.  That does not, however, mean that Defendant was not acting under color of law when supposedly coercing Plaintiff to do so.

Blaine was pursuing personal aims in allegedly seeking to have sex with Plaintiff, he arguably used his position as an officer to further that personal goal.  Arguably, Defendant Blaine would not have known Plaintiff had he not been Plaintiff's jailer, and Plaintiff would allegedly not have had sex with Defendant Blaine had he not been a law enforcement officer and threatening to make a false report to Plaintiff's probation officer.  Defendant Blaine's alleged pursuit of Plaintiff was not clearly disconnected from his position of authority so as to warrant granting summary judgment in his favor as to the individual capacity claims.  *See United States v. Dillon*, 532 F.3d 379, 386 (5th Cir. 2008)(former assistant city attorney acted under color of state law when sexually assaulting two women); *Bennett v. Pipin*, 74 F.3d 578 (5th Cir. 1996)(sheriff acted under color of state law when raping suspect).  Defendant Blaine arguably created a nexus between his position and the alleged constitutional violation by allegedly threatening to call Plaintiff's probation officer if Plaintiff did not comply with Blaine's wishes.  Assuming that Plaintiff's allegations are true, as the Court must at this juncture, there is a question of fact as to whether Defendant Blaine was acting under color of state law.

Defendant Blaine also argues that Plaintiff has failed to demonstrate a constitutional violation because the conduct of which Blaine is accused does not "shock the conscience," citing, among other cases, *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981).  However, *Shillingford* appears to have been overruled on that point.  *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).  The *Valencia* Court concluded that the Fourteenth Amendment is applicable to claims regarding violence against persons after arrest and release, overruling

---

Plaintiff testified that he specifically asked Defendant Blaine if Blaine promised not to call Plaintiff's probation officer if Plaintiff had sex with Blaine.  *Id.*

*Shillingford*, which utilized a Fourth Amendment analysis. *Id.* at 1443-44. The Court also stated that the applicable case law does not require that an officer's conduct "be so excessive and outrageous that it 'shocks the conscience.'" *Id.* at 1447. In any event, in light of Plaintiff's allegation that Defendant Blaine threatened to make false accusations to Plaintiff's probation officer unless Plaintiff had sex with him, the Court concludes that there is a question of fact as to whether a constitutional violation occurred.

Plaintiff also alleges that when he was taken to the Rankin County Jail, Defendant Blaine harassed him by having him placed in isolation.[3] The Plaintiff's inmate records, a copy of which were submitted by Defendant Blaine in support of his motion, reflect that Plaintiff was initially placed in isolation after being booked at the Rankin County Jail. [77-3] at 66. According to Defendant, this was because Plaintiff had been arrested for exploitation of children and Plaintiff was placed in protective custody due to the nature of the charge against him. Even if Defendant Blaine had Plaintiff placed in isolation, Plaintiff has no constitutional right to any particular classification. *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003). Moreover, isolation in and of itself, even if utilized as punishment, is not an "atypical and significant hardship" sufficient to constitute a constitutional violation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wilkerson*, 329 F.3d at 436. Plaintiff admitted flooding his cell, which after a disciplinary hearing, resulted in his return to isolation. [77-3] at 15. Plaintiff testified that even while in isolation, he had one cell mate [77-2] at 12-14, and was never harmed. Plaintiff has not

---

[3]Plaintiff also claims that Defendant Blaine threatened to place Plaintiff in a violent pod if Plaintiff told anyone about their relationship, but he was never placed in a violent pod. Mere verbal threats do not generally constitute a constitutional violation. *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995).

established that he suffered any violation of his constitutional rights while incarcerated at the Rankin County Jail.

Plaintiff also alleged that someone he suspected to be Defendant Blaine began to impersonate Plaintiff on social media after Plaintiff refused to have sex with Blaine a second time. Plaintiff admitted at his deposition that these allegations are unsupported and entirely speculative. [75-1] at 24. This claim does not survive summary judgment.

## B. Official Capacity Claims

As to the claims against Defendant Blaine in his official capacity, these claims are essentially against Rankin County. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Rankin County may not be held liable under Section 1983 unless Plaintiff establishes that Defendant Blaine violated Plaintiff's constitutional rights and: 1) was a policymaker; 2) was acting pursuant to an official policy; and 3) the official policy was the "moving force" behind the constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Plaintiff has alleged no facts which would support a finding against Defendant Blaine in his official capacity. Defendant Blaine is, according to his affidavit, a Rankin County deputy sheriff. [75-2]. Plaintiff has not alleged nor submitted any evidence that Defendant Blaine was a policymaker. Nor has Plaintiff pointed to any policy, custom, or practice of Rankin County which led to a constitutional violation. Plaintiff has not alleged any policy of failure to train on the part of Rankin County which caused the alleged constitutional violation and amounted to deliberate indifference in adopting training policies. *See Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010). Accordingly, Defendant Blaine is entitled to summary judgment as to the claims against him in his official capacity.

## IV.  Conclusion

Based on the foregoing, Defendant's Motion [75] for summary judgment as to the claims against him in his individual capacity is denied.  Defendant's Motion [77] for summary judgment as to the claims against him in his official capacity is granted.

SO ORDERED this the 20th day of November, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
